In the Matter of the Application of FREDERICK A. BUSS for an Order Abrogating the Adoption of THOMAS WEBER.

THE CATHOLIC CHARITIES, INCORPORATED, Appellant; FREDERICK A. BUSS and Another, Respondents.

Fourth Department, January 20, 1932.

*Stephen V. O'Gorman,* for the appellant.

*Frank A. Pfalzer* [*Genevieve Goergen* of counsel], for the respondents.

TAYLOR, J. The adoption of children and the annulment of adoptions are entirely regulated by statute. Section 117 of the Domestic Relations Law (as amd. by Laws of 1924, chap. 323) provides for abrogation of adoptions because of misconduct of foster parents; section 118 (as amd. by Laws of 1924, chap. 323) for abrogation because of misconduct of foster children. The latter section states that in a proceeding under it " due regard to the interests of both " (foster parents and child) must be had. But if the sources and history of the law of adoption of children be given regard, in every instance the interest of the child — the ward of the State — is really the primary consideration. (See the excellent discussion by Surrogate SLATER in *Matter of Souers*, 135 Misc. 521.)

To warrant the abrogation of an adoption upon application of the foster parent (Dom. Rel. Law, § 118), the petitioner is bound to satisfy the court " of the wilful desertion of such child from such foster parent or of any misdemeanor or ill behavior of such child." If the word " misdemeanor," taken with its context, be construed to mean not a petty crime but merely " misconduct " or " evil conduct," still ill-behavior of a serious character must be proved on the part of a child capable of appreciating its wrongdoing. The statute authorizes abrogation only when it is shown that " the child has *violated his duty* toward such foster parent." And " violation

of duty " connotes moral obligation and mental conception — a failure to meet appreciated obligations. Something more than behavior causing annoyance to the parents must be shown. Contumacious conduct based in volition — not merely in immaturity and incapability of self-restraint — must appear. The proof in this proceeding falls short of meeting the statutory requirements. The conduct of this child indicates mental and physical weakness; but considering its age and mental capacity, a violation of duty has not been established.

The order of abrogation should be reversed on the law and the application denied, without costs.

All concur, except EDGCOMB and CROSBY, JJ., who dissent and vote for affirmance except as to the permanent disposition of the child. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and CROSBY, JJ.

Order reversed on the law, without costs of this appeal to either party, and application denied, without costs.